DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, the Copley-Fairlawn City School District Board of Education (the "School District") and the Summit County Fiscal Officer (collectively, the "Board"), appeal from the order of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellee, Fairlawn Associates, Ltd., is the owner of the Hilton Hotel located at 3180 West Market Street, in Fairlawn, Ohio, in Summit County (the "Property"), identified by the Summit County Fiscal Officer as permanent parcel number 09-02896. Included on the same piece of land is an office building also owned by Fairlawn, Assoc., identified by a separate parcel number, 09-02895. Both properties were refinanced together under a mortgage in the year 2003.
 {¶ 3} In real estate tax year 2002, the Summit County Fiscal Officer assessed the Property at $13,345,370, constituting a 56% increase from the year 2001 tax assessment of $8,560,000. Fairlawn Assoc. filed a complaint with the Summit County Board of Revision (the "BOR"), asserting that the valuation should be reduced to a value of $8,560,000 on the basis that the present economic conditions and decrease in travel due to the events on September 11, 2001 caused the Property to maintain the same value since the year 2001. In support of its complaint, Fairlawn Assoc. filed an expert appraisal performed by a certified general real estate appraiser, Eric Belfrage, which valued the total going concern at $12,600,000, comprised of a land and building value of $10,700,000 and personal property and business enterprise value ("BEV") of $1,900,000. Thereafter, Fairlawn Assoc. amended its complaint to request that the property be valued at $10,700,000 according to the land and building value reflected in Belfrage's appraisal. The School District filed a counter-complaint that requested the valuation be maintained at $13,345,370.
 {¶ 4} The BOR held a hearing on October 27, 2003, at which Belfrage testified regarding his appraisal methodology and determinations. The School District submitted the Property's mortgage values in support of their own valuation, attempting to derive a valuation for the Property based on an assumed loan to value ratio of 80%. At the conclusion of the hearing, the BOR decided to maintain the valuation of the property at $13,345,360 based upon a finding of "lack of evidence." On November 7, 2003, the Board issued a decision that found a market value of $2,563,700 for the land and $10,781,660 for the building, for a total market value of $13,345,360 for the property.
 {¶ 5} On December 5, 2003, Fairlawn Assoc. filed a notice of an administrative tax appeal from the BOR's decision pursuant to R.C. 5717.05, asserting that the BOR erred in its calculation of the value. In its brief, Fairlawn Assoc. asserted that it met its initial burden of proof to present evidence in support of its value with Belfrage's appraisal, and that the Board did not meet its burden of putting forth evidence to rebut the values established by Belfrage's appraisal.
 {¶ 6} On July 16, 2004, the common pleas court issued a decision finding the value of the Property to be $10,700,000 for the 2002 tax year. The court found that Fairlawn Assoc. met its burden to prove its right to a reduction in value with competent, credible and probative evidence, and that the Board did not provide sufficient rebuttal evidence. This appeal followed.
 {¶ 7} The Board timely appealed, asserting two assignments of error for review. We address the assignments of error together, to facilitate review.
 II. First Assignment of Error
"The trial court erred and abused its discretion in finding belfrage's appraisal report credible, competent, and probative evidence of value of the subject property despite belfrage's valuation of the subject property in use which is an unconstitutional form of valuing real property in the state of ohio."
 Second Assignment of Error
"The trial court erred and abused its discretion in finding that the property owner met its burden of proof and persuasion and that boe, fiscal officer, and the bor had a burden to rebut the property owner's evidence."
 {¶ 8} In its first assignment of error, the Board now posits that the valuation method used by Belfrage is unconstitutional. Fairlawn Assoc. responds that because the Board raises this argument for the first time on appeal, that the argument is waived. "It is fundamental that an appellate court will not consider any error which the complaining party could have called but did not call to the trial court's attention[.]" (Internal edits and quotations omitted.) In re D.B., 9th Dist. Nos. 03CA0015-M 03CA0018-M, 2003-Ohio-4526, at ¶ 11. Because the Board has waived this issue for the purposes of appeal, we will not address it.
 {¶ 9} In their second assignment of error, the Board asserts that the trial court erred in concluding that the burden of establishing the property value shifted to the Board because Fairlawn Assoc. failed to present probative credible evidence to support its position. The Board essentially challenges the trial court's acceptance of Belfrage's valuation as competent, probative evidence.
 {¶ 10} When reviewing an appeal from the board, a common pleas court must independently weigh and evaluate all the evidence properly before the court, and make an independent determination of the taxable value of the property. Black v. Bd. of Revision (1985), 16 Ohio St.3d 11, 13. R.C. 5717.05 effectively contemplates a decision de novo. Id. at 14. On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion.[1] Id. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;Black, 16 Ohio St.3d at 14. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
 {¶ 11} Neither a property valuation of a county auditor nor that of a board of revision is entitled to a presumption of validity. SpringfieldLocal Bd. of Edn. v. Summit Cty. Bd. of Revision (1994), 68 Ohio St.3d 493,494-95. A taxpayer has the initial burden to establish the right to a reduction when challenging a county auditor's property valuation. Id.; R.C. 5717.01, et seq. On appeal, a taxpayer "may successfully challenge a determination of a Board of Revision only where the taxpayer produces competent and probative evidence to establish the correct value of the subject property." Amsdell v. Cuyahoga Cty. Bd. of Revision (1994),69 Ohio St.3d 572, 574.
 {¶ 12} While an auditor has no corresponding burden to defend his valuation and a taxpayer is not entitled to a reduction simply because the auditor presents no evidence to rebut his claim, the auditor's duty to defend his valuation is triggered once the taxpayer does present competent, probative evidence to support a right to a reduction. Murray Co. Marina, 123 Ohio App.3d at 172-174. By not presenting any evidence, the BOR and county auditor do risk that the court will find the appellant's evidence competent and probative, and therefore, determinative of the appeal. Restivo v. Ottawa Cty. Bd. of Revision (Dec. 30, 1999), 6th Dist. No. 90-OT-052, at *9.
 {¶ 13} The Board attempts to challenge the common pleas court's finding of fact as to the scope of the dispute between the parties. Specifically, the Board argues that the court erred in finding that the dispute involved only Belfrage's calculation of the BEV, and that the Board's challenge encompassed the entire value. However, this argument is wholly contradicted by the assertions made by the Board at the hearing, where the Board explicitly requested that the property appraisal not be decreased by the BEV value of $1,500,000. Furthermore, this Court will not disturb the court's finding unless it is unreasonable. SeeBlakemore, 5 Ohio St.3d at 219; Black, 16 Ohio St.3d at 14.
 {¶ 14} In this case, the common pleas court conducted a thorough, independent review of the record as submitted by the Board, as is reflected by the court's well-reasoned, comprehensive order. The court noted, inter alia, Belfrage's expertise and use of an empirically proven methodology in his appraisal. Once the court determined that the evidence presented by Fairlawn Assoc. was sufficient, it looked to the evidence presented by the Board to support its evaluation, because the burden then shifted to the Board. See Murray Co. Marina, 123 Ohio App.3d at 174. The court examined the Board's evidence, which consisted of the $12,000,000 refinance mortgage including the Hilton as well as the separate office building. The court concluded that no evidence was presented to establish that Belfrage's analysis in this particular case was not probative and competent, recognizing that various methods exist and that no single technique is universally accepted. See Kettering CitySchs. Bd. of Edn. v. Montgomery Cty. Bd. of Revision (Oct. 3, 2003), BTA Case No. 2002-G-1922, 2003 Ohio Tax LEXIS 1304, at *22.
 {¶ 15} The court then independently decided that the evidence submitted by Fairlawn Assoc. was in fact competent and credible, that the Board failed to meet its burden to rebut this sufficient evidence, and therefore valued the property at $10,700,000 favorable to Fairlawn Assoc. The court was not required to defer to the findings and decision of the Board in making its own determination. See Black,16 Ohio St.3d at 16. Its rulings on admissibility of the expert's testimony were within the court's broad discretion. Murray Co.Marina, 123 Ohio App.3d at 166. Additionally, the court had wide discretion to make its own determination as to the credibility of witnesses and the weight of the evidence presented, and was not bound to follow the BOR's valuation. Id. at 173, citing Strongsville Bd. of Edn.v. Cuyahoga Cty. Bd. of Revision (1997), 77 Ohio St.3d 402, 408.
 {¶ 16} We find that it was entirely reasonable for the court to have concluded that this evidence did not support a true value for the Hilton and thus was not sufficient to rebut the evidence of Fairlawn Assoc. SeeBlakemore, 5 Ohio St.3d at 219; Black, 16 Ohio St.3d at 14. Therefore, we find that the trial court did not abuse its discretion in valuating the Property at $10,700,000. The Board's first and second assignments of error are overruled.
 III. {¶ 17} The Board's first and second assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] We do note that R.C. 5717.05 only provides that a party may appeal a trial court's judgment on questions of law. However, the Ohio Supreme Court has specified that a reviewing court is to assess a common pleas court's determination in an R.C. Chapter 5717 appeal for an abuse of discretion. Black, 16 Ohio St.3d at paragraph one of the syllabus. Furthermore, we note that "[w]ithin the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, fn. 4 (in the context of an administrative appeal governed by R.C. Chapter 2506). Therefore, we will proceed to review this appeal under an abuse of discretion standard. See e.g., Murray Co. Marina, Inc. v. Erie Cty.Bd. of Revision (1997), 123 Ohio App.3d 166, 171-72.