DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Wayne County Board of Revision ("the Board"), appeals the judgment of the Wayne County Court of Common Pleas, which reversed the Board's decision regarding the value of two properties belonging to appellee, JRB Holdings, LLC ("JRB"). This Court affirms.
 I. {¶ 2} In 2002, the Wayne County Auditor valued two parcels of appellee's property, Parcel Nos. 5500016002 and 5600354001, at $3,447,480.00 and $4,561,680.00, respectively. JRB subsequently filed a complaint against the valuation of real property with the Board. After a hearing, the Board, through the Auditor's Secretary to the Board of Revision, sent a letter to JRB, informing it that it was the Board's decision not to make any changes in the real estate values of the subject properties. JRB then appealed the Board's decision by filing an administrative appeal in the Wayne County Court of Common Pleas pursuant to R.C.5717.05.
 {¶ 3} The trial court held a hearing on the matter on November 17, 2004. The Board's counsel indicated at the conclusion of the hearing that it was prepared to submit its post-hearing brief at that time. The trial court then granted JRB leave to file its responsive post-hearing brief by December 3, 2004. Although the record indicates that JRB timely filed its post-hearing brief, there is no record that the Board filed its brief prior to the court's ruling. On April 11, 2005, the trial court issued its ruling on the administrative appeal. It was not until April 12, 2005 that the Board filed its brief.
 {¶ 4} In its April 11, 2005 judgment entry, the trial court stated that it reviewed both the record before the Board of Revision and the testimony and evidence adduced at hearing before the court. The trial court further stated that the Board of Revision hearing had not been transcribed due to "faulty equipment." The trial court found that JRB, using the cost approach to valuation, met its burden of proof to present "competent and probative evidence" to succeed on its administrative appeal. Accordingly, the trial court ordered that Parcel Nos. 5500016002 and 5600354001 would be valued at $2,582,203.00 and $3,016,618.00, respectively, with respective taxable values of $903,771.00 and $1,055,816.00. The Board timely appeals, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN ITS RELIANCE UPON THE INCOMPLETE AND INAPPROPRIATE ANALYSIS BY JRB'S WITNESSES AS THE BASIS OF ITS DECISION ON THE VALUE OF THE SUBJECT PROPERTIES."
 {¶ 5} The Board argues that the trial court erred in finding that JRB presented competent and probative evidence in support of its administrative appeal from the Board's decision not to modify the auditor's valuation of JRB's subject properties. This Court disagrees.
 {¶ 6} This Court has previously enunciated the appropriate standards of review in such a case:
"When reviewing an appeal from the board [of revision], a common pleas court must independently weigh and evaluate all the evidence properly before the court, and make an independent determination of the taxable value of the property. Black v. Bd.of Revision (1985), 16 Ohio St.3d 11, 13. R.C. 5717.05
effectively contemplates a decision de novo. Id. at 14. On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion. Id."Fairlawn Assoc., Ltd. v. Summit Cty. Bd. of Revision and FiscalOfficer, 9th Dist. No. 22238, 2005-Ohio-1951, at ¶ 10.
 {¶ 7} An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Neither the county auditor's valuation of the subject property, nor the Board's valuation, is entitled to a presumption of validity. Springfield Local Bd. of Edn. v. Summit Cty. Bd. ofRevision (1994), 68 Ohio St.3d 493, 494-95. Furthermore, the trial court retains wide discretion to determine the weight accorded to the evidence and the credibility of the witnesses.Meijer v. Montgomery Cty. Bd. of Revision (1996),75 Ohio St.3d 181, 185. Accordingly, the trial court need not adopt the valuation fixed by any particular expert or other witness.Cardinal Fed. S. L. Assn. v. Cuyahoga Cty. Bd. of Revision
(1975), 44 Ohio St.2d 13, paragraph two of the syllabus. The issue before this Court, therefore, is whether the trial court abused its discretion when it found that JRB's evidence using the cost approach method of valuation constituted competent and probative evidence to support JRB's success on its administrative appeal.
 {¶ 9} The Board first argues that the trial court erred in finding that JRB presented competent and probative evidence, because JRB's witnesses relied on an inappropriate method for evaluating the properties and failed to include specific important factors relevant to replacement costs. This Court finds the Board's argument in this regard not well taken.
 {¶ 10} JRB evidenced the properties' values under the cost approach to valuation. Jack Gant, a real estate broker who testified on behalf of JRB, explained that property values are determined under the cost approach by calculating building replacement costs, subtracting depreciation, and adding in the value of the land. Mr. Gant described such valuations as the ceiling caps, because no one would pay more than those figures, because one could replace the buildings for those specific costs. JRB's witnesses presented values for the subject properties and four buildings using the cost approach.
 {¶ 11} The Board presented the testimony of John Emig, a certified real estate appraiser. Mr. Emig described the three approaches to determining value, including the cost depreciation analysis, the sales comparison analysis, and the income capitalization analysis. In regard to the cost depreciation analysis, Mr. Emig testified that, in addition to estimating replacement costs, soft or indirect costs such as legal and accounting costs, the cost of obtaining mortgage financing, the interest carry cost during the construction period, insurance, real estate taxes, leasing commissions, if applicable, and entrepreneurial profit must also be included to derive the value.
 {¶ 12} JRB presented the testimony of Ben Fetter of Campbell Construction, Inc., whose companies were the general contractors for JRB's four subject buildings. Mr. Fetter testified that survey costs and insurance were included in the replacement costs. In addition, Mr. Fetter testified that JRB incurred no finance charges in relation to the construction of any of its buildings. "[T]he Ohio Supreme Court has implicitly rejected the concept that a taxpayer need produce evidence of `soft' costs where it presents evidence of construction costs paid to a related party in an arm's length transaction involving the construction of [buildings]." Snyder Ent. v. Ottawa Cty.Auditor (Sept. 18, 1998), 6th Dist. No. OT-97-044, citingAmsdell v. Cuyahoga Cty. Bd. of Revision (1994),69 Ohio St.3d 572, 574.
 {¶ 13} Although Mr. Emig described the sales comparison and income capitalization approaches to value, he conceded that "[o]ur rule of thumb * * * is you consider the cost approach certainly if the building is less than 20 years of age and if it's beyond 30 or 40 years, it's rarely considered. * * * The newer, it's more applicable." The parties do not dispute that the oldest building involved in this appeal was built in 1991, so that the buildings were well under 20 years old at the time of both the auditor's valuation and hearing on the administrative appeal. Further, while Mr. Emig testified that another valuation approach might have been better, the trial court "is not required to adopt the appraisal methodology espoused by any expert or witness." Bd. of Edn. of the Vandalia-Butler City School Dist.v. Montgomery Cty. Bd. of Revision, 106 Ohio St.3d 157,2005-Ohio-4385, at ¶ 11, quoting Hotel Statler v. Cuyahoga Cty.Bd. of Revision (1997), 79 Ohio St.3d 299, 303.
 {¶ 14} The trial court adopted the valuation approach recommended by JRB and acknowledged by the Board's witness as applicable to buildings of the age in question. In addition, the trial court noted JRB's evidence regarding some "soft costs," notwithstanding no requirement that JRB present such evidence. Finally, the Board's expert, for all of his testimony regarding methods of valuation, failed to apply any of those methods to the subject properties to develop any specific values for the subject properties. Accordingly, this Court finds that the trial court did not abuse its discretion when it accepted JRB's evidence of valuation premised on the cost depreciation approach as competent and probative evidence, even in the absence of evidence regarding all potential "soft costs."
 {¶ 15} The Board next argues that the trial court abused its discretion in finding that JRB presented competent and probative evidence, because none of JRB's witnesses could provide evidence regarding complete replacement costs. This Court disagrees.
 {¶ 16} JRB presented the testimony of John Bowling, manager and half-owner of the subject properties; Lucy Hofacre, JRB's certified public accountant; Ben Fetter, the general contractor who constructed the subject buildings; and Jack Gant, a real estate broker specializing in commercial and farm properties. JRB's witnesses presented evidence of the original costs of constructing the subject buildings, as well as the cost to construct the same buildings in 2002. In addition, the parties agreed that 3% was a reasonable depreciation rate applicable to the valuations under the cost analysis approach. The Board again argues that the evidence was incomplete due to JRB's omission of evidence regarding various soft costs. This Court has already found that such omission does not detract from a finding that JRB presented competent and probative evidence of value. In addition, this Court finds that the trial court did not abuse its discretion by finding that JRB's presentation of evidence showing the original and 2002 costs of construction for the subject buildings constituted competent and probative evidence in support of its administrative appeal. The Board's assignment of error is overruled.
 III. {¶ 17} The Wayne County Board of Revision's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, which found that JRB Holdings, LLC presented competent and probative evidence of valuation of the subject properties, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. concur.