[Cite as *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision*, 2011-Ohio-5000.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LOCKHART DEVELOPMENT CO.

    Appellee

    v.

SUMMIT CO. BOARD OF REVISION, et al.

    Appellees

    and

STOW-MUNROE FALLS CITY SCHOOLS
BOARD OF EDUCATION

    Appellant

C.A. No.    25728

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-12-8700

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} After the Summit County Board of Revision denied Lockhart Development Company a reduction in the taxable valuation of its property, Lockhart appealed to the Summit County Common Pleas Court. The common pleas court heard the matter on the record from the board of revision, which included no evidence supporting the county's valuation of $4,134,000. The common pleas court reversed the decision of the board of revision and entered judgment in favor of Lockhart, reducing the valuation of the property to $2,700,000. The Stow-Munroe Falls City Schools Board of Education has appealed the common pleas court's decision. This Court affirms because, under these circumstances, the common pleas court's application of a

deferential standard of review was harmless error and the common pleas court properly reversed the decision of the board of revision that was unsupported by any evidence in the record.

## BACKGROUND

{¶2} As owner of Roses Run Country Club in Stow, Lockhart sought a reduction in the valuation of its 13 parcels of real property for tax year 2008. The Summit County Auditor had appraised the land and improvements at a total true value of $4,134,000.

{¶3} At a hearing before the board of revision, Lockhart presented an owner's opinion of the value of the property via the testimony of Bob Lockhart, a co-owner of Lockhart Development Company. Mr. Lockhart testified that, in his opinion, the value of the property was $2,700,000. He based his opinion on a recent unsuccessful attempt to sell the property for $3,000,000 and on an appraisal by John Emig, a certified real estate appraiser. Lockhart also presented testimony and documentary evidence of the appraisal by Mr. Emig. According to Mr. Emig, the property's true value in 2008 was $2,700,000. Both Mr. Lockhart and Mr. Emig testified that the City's limitations on the use of the property significantly decreased its value.

{¶4} The Board of Education did not present any evidence at the hearing. In a two-to-one decision, the board of revision voted to make no change in the true value of the property. Lockhart appealed the board's decision to the Summit County Common Pleas Court. The common pleas court tried the matter on the record from the board of revision without taking additional evidence. The court determined that Lockhart's evidence in support of a reduction in the value of the property was "credible." The common pleas court reversed the decision of the board of revision because "the agency decision is not supported by reliable, probative, and substantial evidence [and] [t]here is a complete absence of the requisite quantum of evidence to

support the decision of the Board of Revision." The trial court determined that the value of the property is $2,700,000 "[b]ased on the credible, unrefuted evidence in the record[.]"

## APPEAL FROM THE BOARD OF REVISION

{¶5} Ohio law provides two options for appealing decisions of a county board of revision: to the Board of Tax Appeals or to the county's common pleas court. R.C. 5717.01; R.C. 5717.05. "Thus, the common pleas court and the [Board of Tax Appeals] fulfill the same function when reviewing a decision of a board of revision, and [Board of Tax Appeals] case law may be applied to the common pleas court proceedings in such appeals." *Murray & Co. Marina Inc. v. Erie County Bd. of Revision*, 123 Ohio App. 3d 166, 172 (1997) (citing *Mazzola v. Summit County Bd. of Revision*, 9th Dist. No. 16254, 1993 WL 539587 (Dec. 22, 1993); *Banbury Village Inc. v. Cuyahoga County Bd. of Revision*, 8th Dist. No. 59980, 1992 WL 67633 (Apr. 2, 1992)).

## STANDARD OF REVIEW

{¶6} The Board of Education's first assignment of error is that the trial court applied the wrong standard of review to the board of revision's decision establishing the value of the property in this case. Specifically, the Board of Education has argued that the trial court followed Section 2506.04 of the Ohio Revised Code rather than Section 5717.05. Section 2506.04 relates to the duty of a common pleas court in reviewing the decision of "any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state[.]" R.C. 2506.01(A); R.C. 2506.04. Section 5717.05 is more limited, addressing only the duties of a court of common pleas when an appeal is taken to it from a county board of revision. Although Section 5717.05 applies to this matter, the common pleas court seems to have followed the more general administrative appeals procedure found in Chapter 2506.

{¶7} Under Section 2506.04, a common pleas court reviewing an administrative decision may reverse if the decision is "unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Although Section 2506.04 permits a common pleas court to weigh the evidence, the court "must give due deference to the administrative resolution of evidentiary conflicts," giving it only a limited ability to substitute its judgment for that of the administrative board. *Kisil v. City of Sandusky*, 12 Ohio St. 3d 30, 35 (1984) (quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St. 2d 108, 111 (1980)).

{¶8} On the other hand, under Section 5717.05 of the Ohio Revised Code, the common pleas court is to give the board of revision's decision no deference. Under Section 5717.05, a common pleas court must "independently weigh and evaluate all evidence properly before it" in order to "make an independent determination concerning the valuation of the property at issue." *Black v. Bd. of Revision of Cuyahoga County*, 16 Ohio St. 3d 11, 13 (1985). As the common pleas court in this case reversed the decision of the board of revision under a similar, albeit more deferential standard of review than the applicable statute required, the court's error was harmless. See Civ. R. 61. The Board of Education's first assignment of error is overruled.

## WEIGHT OF THE EVIDENCE

{¶9} The Board of Education's second assignment of error is that the trial court incorrectly determined that Lockhart's private appraisal was credible evidence of the true value of the property. The Board of Education has argued that the trial court incorrectly failed to treat the auditor's appraised value as the default value for the property. It has also argued that the trial court incorrectly determined that Lockhart's evidence was credible without making specific factual findings.

{¶10} The Board of Education has cited *FirstCal Industrial 2 Acquisitions L.L.C. v. Franklin County Board of Revision*, 125 Ohio St. 3d 485, 2010-Ohio-1921, at ¶31, for the proposition that the county auditor's value is the "default valuation" that must be presumed valid even without proof to support it. In *FirstCal*, the Ohio Supreme Court relied on its earlier decision in *Colonial Village Ltd. v. Washington County Board of Revision*, 123 Ohio St. 3d 268, 2009-Ohio-4975.

{¶11} In *Colonial Village*, the Supreme Court explained that "[t]he county's appraised value . . . forms in most cases a default valuation that must be preferred and adopted if the appellant before the [Board of Tax Appeals or the common pleas court] fails to prove a different value of the property[.]" *Colonial Village Ltd. v. Washington County Bd. of Revision*, 123 Ohio St. 3d 268, 2009-Ohio-4975, at ¶31. In *FirstCal*, the Court explained that the auditor's initial determination of value "possesses an increment of prima-facie probative force . . . in the absence of better evidence." *FirstCal Indus. 2 Acquisitions L.L.C. v. Franklin County Bd. of Revision*, 125 Ohio St. 3d 485, 2010-Ohio-1921, at ¶31. In that case, the Court noted that the property owner was free to rebut the auditor's value before both the board of revision and the board of tax appeals, but had failed to do so. *Id.*

{¶12} "Neither a property valuation of a county auditor nor that of a board of revision is entitled to a presumption of validity." *Fairlawn Assoc. LTD v. Summit County Bd. of Revision*, 9th Dist. No. 22238, 2005-Ohio-1951, at ¶11 (citing *Springfield Local Bd. of Educ. v. Summit County Bd. of Revision*, 68 Ohio St. 3d 493, 494-95 (1994)). "A taxpayer has the initial burden to establish the right to a reduction when challenging a county auditor's property valuation . . . [and] 'may successfully challenge a determination of a Board of Revision only where [he] produces competent and probative evidence to establish the correct value of the subject

property.'" *Id.* (quoting *Amsdell v. Cuyahoga County Bd. of Revision*, 69 Ohio St. 3d 572, 574 (1994)). "'[W]hen [the common pleas court] determines value for a property, that value is a finding of fact,' and as such [it] 'must be supported by the evidence.'" *Dayton-Montgomery County Port Auth. v. Montgomery County Bd. of Revision*, 113 Ohio St. 3d 281, 2007-Ohio-1948, at ¶24 (quoting *Columbus City Sch. Dist. Bd. of Educ. v. Franklin County Bd. of Revision*, 90 Ohio St. 3d 564, 565 (2001)). "By not presenting any evidence, the [board of revision] and county auditor do risk that the court will find the appellant's evidence competent and probative, and therefore, determinative of the appeal." *Fairlawn Assoc. LTD*, 2005-Ohio-1951, at ¶12. That is what happened in this case.

{¶13} Here the trial court determined that "there was no testimony or evidence in support of the decision of the Board of Revision" to affirm the auditor's valuation of the property. The Ohio Supreme Court has explained that, "when the evidence presented to the board of revision or the [common pleas court on appeal] contradicts the auditor's determination in whole or in part, and when no evidence has been adduced to support the auditor's valuation, the [common pleas court] may not simply revert to the auditor's determination. Whenever it does so, [it] is acting unlawfully by making a finding of value that is affirmatively contradicted by the only evidence in the record." *Dayton-Montgomery County Port Auth. v. Montgomery County Bd. of Revision*, 113 Ohio St. 3d 281, 2007-Ohio-1948, at ¶27.

{¶14} In this case, in addition to the testimony of one of the co-owners of the company, Lockhart presented the testimony of a certified appraiser in addition to his written report containing over 80 pages of information, analysis, and supporting documentation. The property owner met its burden of presenting competent, credible evidence in opposition to the Summit County Auditor's assessed value in order to prove it was entitled to a reduction in the value of

the property. In response to the property owner's evidence tending to show that the true value was less than the auditor's value, the Board of Education did not present any evidence in rebuttal. The trial court was not presented with any evidentiary conflicts to resolve via findings of fact. The common pleas court's determination of the value of the property is supported by the only evidence in the record. The Board of Education's second assignment of error is overruled.

CONCLUSION

{¶15} The Board of Education's first assignment of error is overruled because the trial court's error in applying the wrong standard of review was harmless. Its second assignment of error is overruled because the trial court properly based its decision regarding the value of the property on the evidence in the record. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS

MOORE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

MARK H. GILLIS, Attorney at Law, for Appellant.

MICHAEL J. MORAN, Attorney at Law, for Appellee.

MILTON C. RANKINS, Attorney at Law, for Appellee.