[Cite as *Mansbery v. Cuyahoga Cty. Fiscal Officer*, 2013-Ohio-932.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98156**

## DAVID I. MANSBERY

PLAINTIFF-APPELLEE

vs.

## CUYAHOGA COUNTY FISCAL OFFICER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749100

**BEFORE:** Celebrezze, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 14, 2013

**ATTORNEYS FOR APPELLANTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mark R. Greenfield
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Jonathan A. Rich
Zashin & Rich Co., L.P.A.
55 Public Square
4th Floor
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendants-appellants, Brecksville-Broadview Heights Board of Education, the Cuyahoga County Board of Revision ("BOR"), and the Cuyahoga County Fiscal Officer (collectively "appellants"), appeal from the March 1, 2012 judgment of the Cuyahoga County Court of Common Pleas, which reversed the decision of the BOR and reduced the true value of the subject property from $938,000 to $850,000. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶2} On July 31, 2008, plaintiff-appellee, David I. Mansbery, acquired his residence, situated at 8509 Chippewa Trail, Brecksville, Ohio ("the property"), for $1,006,895. On December 18, 2009, Mansbery filed a complaint with the BOR requesting a reduction in the tax value of his residence to $840,000 for the 2009 tax year. In support of his complaint, Mansbery attached two appraisals valuing the property at $840,000 and $850,000, respectively.

{¶3} On December 17, 2010, the BOR conducted a hearing on the matter and concluded that the true value of the subject property was $938,000. On February 22, 2011, Mansbery appealed the BOR's decision to the Cuyahoga County Court of Common Pleas. Mansbery submitted additional evidence to the trial court regarding the downturn in the United States economy and the decline in real estate values during the second half of 2008.

{¶4} On review, the trial court reversed the judgment of the BOR and reduced the property's true value for the 2009 tax year to $850,000, stating that "the values from the appraisals are consistent with the significant decline in the housing market, and are more indicative of the property's true valuation than the arm's length sale occurring on July 31, 2008."

{¶5} Appellants appeal from the trial court's judgment, raising two assignments of error for review:

I.      The trial court erred when it ignored Ohio Revised Code Section 5713.03 and failed to find that the July 31, 2008 arms-length sale was the true value of the subject property.

II.     The trial court erred when it admitted and relied on evidence other than the July 31, 2008 arm's length sale of the subject property.

Law and Analysis

{¶6} In their first assignment of error, appellants argue that the trial court erred when it ignored R.C. 5713.03 and failed to find that the July 31, 2008 arm's length sale was the true value of the subject property. Similarly, appellants argue in their second assignment of error that the trial court erred when it relied on evidence other than the July 31, 2008 arm's length sale of the subject property. For the purposes of judicial clarity, we will consider appellant's first and second assignments of error together.

{¶7} Pursuant to R.C. 5717.05, a county court of common pleas may hear an appeal from the decision of the county's board of revision. "R.C. 5717.05 requires more than a mere review of the decision[] of the board of revision * * *." *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). In

reviewing the board's decision, "the common pleas court is to give the * * * decision no deference." *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision*, 9th Dist. No. 25728, 2011-Ohio-5000, ¶ 8. "Under [R.C.] 5717.05, a common pleas court must 'independently weigh and evaluate all evidence properly before it' in order to 'make an independent determination concerning the valuation of the property at issue.'" *Lockhart Dev. Co.* at ¶ 8, quoting *Black* at ¶ 3. "On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion." *JRB Holdings, L.L.C. v. Wayne Cty. Bd. of Revision*, 9th Dist. No. 05CA0048, 2006-Ohio-1042, ¶ 6, quoting *Fairlawn Assoc. v. Summit Cty. Bd. of Revision*, 9th Dist. No. 22238, 2005-Ohio-1951, ¶ 10. *Accord Black* at ¶ 4. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} With regard to true value, R.C. 5713.03 provides in pertinent part:

In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject *of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time*, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes. (Emphasis added.)

{¶9} In accordance with the plain language of R.C. 5713.03, the Supreme Court of Ohio has recognized a rebuttable presumption that "when the property has been the subject of a recent arm's length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.'" *Berea City School*

*Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13.

> Quite simply, the uniform rule is that property should be valued in accordance with an actual sale price where the criteria of the recency and the arm's length character of the sale are satisfied. Where there is no such sale, the uniform rule envisions that an appraisal will be prepared * * *.

*Cummins Property Servs., L.L.C.. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 25. Thus, "the sale price is deemed to be the value of the property, and the only rebuttal lies in challenging whether the elements of recency and arm's length character between a willing seller and a willing buyer are genuinely present for that particular sale." *Cummins* at ¶ 35.

{¶10} In response to the arguments raised by appellants, Mansbery does not dispute, and has not disputed, that his purchase of the property on July 31, 2008, was an arm's length sale between a willing buyer and a willing seller. Rather, Mansbery maintains that he successfully demonstrated to the court below that the economic downturn in late 2008 rendered the sale not "recent," as required under R.C. 5713.03, and therefore, not determinative of the property's true value.

{¶11} In addressing the element of "recency," the Ohio Supreme Court has held that "[t]he reasonableness of the length of time — sometimes expressed as whether the sale was 'recent' relative to the tax lien date — encompasses all factors that would, by changing with the passage of time, affect the value of the property." *Cummins* at ¶ 35. "[P]roximity is not the sole factor affecting recency." *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d

972, ¶ 32. One of the factors that must be considered in determining what is "a reasonable length of time" is the "general developments in the market" between the date of sale and the tax-lien date. *Cummins* at ¶ 35.

**{¶12}** On appeal to the common pleas court, Mansbery presented data showing the significant decline in national home values during the second half of 2008. Specifically, Mansbery submitted statistics from the Federal Housing Finance Agency indicating that in the fourth quarter of 2008, house prices dropped 11.23 percent. Mansbery further presented the trial court with Standard & Poor's Case-Shiller Home Price Indices for 2008, which reflected declines of 18 to 19.1 percent in sale prices of homes in the United States. Finally, Mansbery provided the court with current fair market values of similarly situated properties in Northeast Ohio, which reflected the national decline in the housing market.

**{¶13}** Based on the foregoing data, we are unable to conclude that the trial court abused its discretion in determining that Mansbery successfully overcame the presumption that the July 31, 2008 sale price was the property's true value. Although the property was purchased just five months before the 2009 tax lien date, Mansbery presented competent, credible evidence to demonstrate that, due to "'general developments in the market' between the date of sale and the tax-lien date," the "recency" element was not present in this particular sale. The trial court's reliance on the evidence submitted by Mansbery was not unreasonable, arbitrary, or unconscionable. Accordingly, the trial court was entitled to consider evidence outside the July 31, 2008

purchase price, including the appraisal evidence proffered by Mansbery, in order to determine that $850,000 was the most accurate value of the property.

**{¶14}** Appellant's first and second assignments of error are overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR