[Cite as *Louisville City School Dist. Bd. of Edn. v. Groffre Invests.*, 2022-Ohio-3492.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LOUISVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J.<br>Hon. William B. Hoffman, J. |
| Defendant--Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022CA00019 |
| GROFFRE INVESTMENTS, ET AL., | |
| Plaintiffs-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2021-CV-
                              01313


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 28, 2022


APPEARANCES:


For Defendant-Appellant                 For Plaintiffs-Appellees

ROBERT M. MORROW, ESQ.                  TIMOTHY JEFFRIES, ESQ.
Park Street Law Group, LLC              437 Market Avenue North
612 Park Street – Suite #300            Canton, Ohio 44702
Columbus, Ohio 43215

STARK COUNTY BOARD OF REVISION
c/o Alan Harold
110 Central Plaza South – Suite #220
Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Defendant-appellant Louisville City School District Board of Education (hereinafter "Louisville Schools") appeals the judgment entered by the Stark County Common Pleas Court reversing the decision of the Stark County Board of Revision, which found the tax valuation of real property owned by Plaintiff-appellee Groffre Investments (hereinafter "Groffre") to be $8,750,000, and changing the tax valuation of the property to $2,500,000.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The instant appeal involves the 2020 tax valuation of seven separate tax parcels located in Louisville, Ohio, and owned by Groffre.

**{¶3}** In 2018, EAP Ohio LLC (hereinafter "Encino") purchased the subject property as part of a purchase of all of the Ohio assets of Chesapeake Exploration, LLC, for $2,015,463.00. The effective date of the warranty deed concerning the property was January 1, 2018, and the deed was recorded October 28, 2019. The deed states the property was sold to Encino for ten dollars and other valuable consideration. On October 28, 2019, a conveyance fee statement was prepared which was based on a valuation of the property at $8,125,000, as determined by an appraisal of the property, secured by Encino. The property was subsequently sold to Groffre on December 30, 2020, for $2,500,000.

**{¶4}** For the tax year 2020, the Stark County Auditor valued the property at $12,012,200. Groffre filed a complaint against the value of real property with the Stark County Board of Revision (hereinafter "BOR") on February 25, 2021. The BOR held a hearing on August 11, 2021. Louisville Schools argued the valuation of the property should be $8,125,000, based on the conveyance fee statement filed in October of 2019.

Groffre argued the valuation of the property should be $2,500,000, based on the December 30, 2020 sale of the property.

{¶5} The only witness to testify at the hearing was William Jeffries, a partner in Groffre. He testified in late 2019, Groffre was contacted by a realtor who was marketing the property on behalf of Encino. Jeffries testified because of SEC rules, Encino was unaware they had purchased the property at the time of their purchase of Chesapeake's assets. When Encino found out they owned the property, they were not interested in retaining the property. Eight years earlier, Groffre had sold this property to Chesapeake for $7.1 million, including an additional parcel Chesapeake sold to someone else prior to the asset sale to Encino. Jeffries testified the property was worth less at the time Groffre was approached by Encino because of the large five-story building which had been constructed on the property and because the property had been environmentally contaminated. These initial negotiations between Groffre and the realtor for Encino did not progress.

{¶6} In the second quarter of 2020, Jeffries testified Groffre was contacted directly by Encino concerning the sale of the property. These negotiations resulted in the purchase of the property by Groffre for $2.5 million.

{¶7} Groffre also submitted the affidavit of Michael Proctor, legal counsel for Encino. In his affidavit, Proctor averred Encino's purchase of Chesapeake's assets did not specifically allocate any consideration to the real property, and the consideration for the sale of Chesapeake's assets was blanket in nature. He averred the valuation of the property by Newmark Knight Frank was $8,125,000, but the agreement between Chesapeake and Encino did not specifically allocate consideration to the real property.

{¶8} The BOR found the value of the property to be $8,125,000, based on the sale from Chesapeake to Encino as evidenced by the conveyance fee statement. Groffre appealed the decision of the Board of Revision to the Stark County Common Pleas Court.

{¶9} No additional evidence was presented to the trial court. Based on the record before it from the BOR, the trial court found the sale of the property from Chesapeake to Encino was not based on a negotiated price of $8,125,000, but rather was part of a blanket purchase of the assets of Chesapeake for $2 billion, and thus was not an arm's-length transaction. The trial court concluded the correct valuation of the property was $2.5 million, based on the sale from Encino to Groffre in December of 2020.

{¶10} It is from the January 7, 2022 judgment of the trial court Louisville Schools prosecutes this appeal, assigning as error:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERTURNING THE DECISION FROM THE STARK COUNTY BOARD OF REVISION WHICH CONCLUDED THAT AN ARM'S-LENGTH SALE TRANSACTION FOR $8,125,000 HAD OCCURRED ON OCTOBER 28, 2019.

> II. THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING A VALUE OF $2,500,000 AS OF JANUARY 1, 2020 WHEN THE SALE CLOSEST TO THE TAX LIEN DATE OCCURRED ON OCTOBER 28, 2019 FOR $8,125,000.

III. THE TRIAL COURT'S CONCLUSION THAT NO SALE TRANSACTION OCCURRED ON OCTOBER 28, 2019 FOR $8,125,000 WAS AN ABUSE OF DISCRETION.

I.

**{¶11}** In its first assignment of error, Louisville Schools argues the trial court abused its discretion in finding the October 28, 2019 sale of the property from Chesapeake to Encino was not an arm's-length transaction.

**{¶12}** Pursuant to R.C. 5717.05, a trial court may hear an appeal from the decision of the county's Board of Revision. R.C. 5717.05 requires more than a mere review of the decision of the Board of Revision. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). In reviewing the BOR's decision, "the common pleas court is to give the * * * decision no deference." *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision,* 9th Dist. Summit No. 25728, 2011-Ohio-5000, ¶ 8. "Under [R.C.] 5717.05, a common pleas court must 'independently weigh and evaluate all evidence properly before it' in order to 'make an independent determination concerning the valuation of the property at issue.'" *Id.* at ¶ 8, *quoting Black, supra* at 13, 475 N.E.2d 1264. "On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion." *JRB Holdings, L.L.C. v. Wayne Cty. Bd. of Revision,* 9th Dist. No. 05CA0048, 2006-Ohio-1042, ¶ 6. An abuse of discretion means the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** In *North Royalton City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 129 Ohio St.3d 172, 2011-Ohio-3092, 950 N.E.2d 955, the Ohio Supreme Court held:

R.C. 5713.03 states the general rule that when a "tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price * * * to be the true value for taxation purposes." Under this provision, "'the uniform rule [in real property taxation] is that property should be valued in accordance with an actual sale price where the criteria of the recency and the arm's-length character of the sale are satisfied.'" *Woda Ivy Glen Ltd. Partnership v. Fayette Cty. Bd. of Revision*, 121 Ohio St.3d 175, 2009-Ohio-762, 902 N.E.2d 984, ¶ 21, quoting *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 25. Moreover, when a school board seeks an increase in property valuation, its presentation of basic evidence of the sale and the sale price such as the conveyance-fee statement usually suffices to place a burden on the owner to rebut that the sale price is the value. *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 23, 25. In such cases, the "basic documentation of [the] sale invokes a 'rebuttable presumption' that 'the sale has met all the requirements that characterize true value.'" *FirstCal* at ¶ 24, quoting

*Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 327, 677 N.E.2d 1197.

Although presenting documentation of the sale price generally raises the presumption that the sale price reflects the value of the property, that presumption can be rebutted if the recency or the arm's-length character of the sale is successfully challenged. *Cummins Property Servs.* at ¶ 13. And the rebuttal may lie within the documentation associated with the sale. See *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 5, 21 (settlement statement showed that sale involved a foreclosure sale by the Department of Housing and Urban Development, which called into question the voluntary character of the sale).

**{¶14}** *Id.* at ¶¶ 11-12.

**{¶15}** An arm's-length sale is characterized by the following elements: (1) it is voluntary, i.e., without compulsion or duress; (2) it generally takes place on the open market; and (3) the parties act in their own self-interest. *Walters v. Knox County Bd. of Revision*, 47 Ohio St. 3d 23, 546 N.E.2d 932, syllabus (1989). An arm's length sale is "one which encompasses bidding and negotiation on the open market between a ready, willing and able buyer, and a ready, willing and able seller, both being mentally competent, and neither acting under duress or coercion." *Id.* at 25, 546 N.E.2d at 935.

**{¶16}** In the instant case, the conveyance fee statement filed October 28, 2019, created a rebuttable presumption of a sale price of $8,125,000 for the property. However,

we find the trial court did not abuse its discretion in finding Groffre rebutted the presumption the October 28, 2019 conveyance was an arm's-length transaction. Michael Proctor, legal counsel for Encino, stated twice in his affidavit the agreement between Chesapeake and Encino did not provide a purchase price for this specific piece of property. Rather, the $2 billion purchase price for all of Chesapeake's assets in the state of Ohio was a blanket price. Jeffries testified at the hearing before the BOR that at the time Encino purchased Chesapeake's assets, Encino did not know the subject property was a part of the purchase due to SEC rules, and once Encino learned they owned the property, they wanted to sell the property. We find the trial court did not err in finding the conveyance price of $8,125,000 from Chesapeake to Encino was not based on an arm's-length sale of the property, but was simply the product of a property evaluation for the sole purpose of paying the conveyance tax on the property.

{¶17} In contrast, the trial court noted the December 31, 2020 transfer from Encino to Groffre was an arm's-length sale. The trial court found Groffre was contacted by a national broker in an attempt by Encino to sell the property. Encino and Groffre began negotiations of the terms of the sale and of the purchase price directly in the second quarter of 2020, and they arrived at the purchase price of $2,500,000 based on the environmental contamination and testing requirements of the property and the marketability of the real estate. Jeffries further testified at the BOR hearing the large five-story building Chesapeake constructed on the property caused a decline in the property's value. We find the trial court did not abuse its discretion in concluding the value as set forth in the 2019 conveyance statement from Chesapeake to Encino was not based on

an arm's-length sale, while the December 31, 2020 transfer from Encino to Groffre did establish a value of the property based on an arm's-length sale.

{¶18} The first assignment of error is overruled.

II.

{¶19} In its second assignment of error, Louisville Schools argues the trial court abused its discretion by adopting a value of $2,500,000 as of January 1, 2020, when the sale closest to the tax lien date occurred on October 28, 2019. However, as discussed earlier, the trial court found the October 28, 2019 sale was not an arm's-length transaction. As we have found no abuse of discretion in the trial court's finding, we find the timing of the October 28, 2019 sale as opposed to the December 31, 2020 sale is not relevant, and the trial court therefore did not err in using the value as set forth by the only arm's-length transaction before it, occurring on December 31, 2020.

{¶20} The second assignment of error is overruled.

III.

{¶21} In its third assignment of error, Louisville Schools argues the trial court abused its discretion in determining no sale of the property occurred on October 28, 2019, for $8,125,000.

{¶22} As discussed earlier in this opinion, Michael Proctor averred in his affidavit the purchase price of $2 billion dollars was a blanket price for the purchase of Chesapeake's assets in the state of Ohio, and no specific purchase price was allocated to this piece of property. Jeffries testified before the BOR Encino was unaware this property was a part of the purchase of Chesapeake's assets, and Encino had no interest in owning this property. We find the trial court did not abuse its discretion in concluding

the October 28, 2019 conveyance value of $8,125,000 was set only for the purposes of determining the conveyance fee to be paid, and did not reflect a negotiated purchase price of the property between Chesapeake and Encino as a part of the 2018 sale of Chesapeake's assets.

**{¶23}** The third assignment of error is overruled.

**{¶24}** The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.

Wise, Earle, P.J.  and

Baldwin, J. concur

HON. WILLIAM B. HOFFMAN

HON. EARLE E. WISE, JR.

HON. CRAIG R. BALDWIN