[Cite as *Papadimoulis v. Cuyahoga Cty. Aud.*, 2012-Ohio-925.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97023**

## ALEX PAPADIMOULIS

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY AUDITOR, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-750765

**BEFORE:** Stewart, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

Dean W. Van Dress
Van Dress Legal Group Co., LLC
The Bank of Berea Building
46 Front Street
Berea, OH    44017


**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor

BY: Saundra J. Curtis-Patrick
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the appellant's brief, and oral argument by appellant's counsel. Alex Papadimoulis appeals from a Common Pleas Court affirmance of a Board of Revision decision that refused to overturn a real property valuation by the county auditor. Papadimoulis argues that he submitted proof of the property's value with evidence that he recently bought it in an arm's length transaction.

{¶2} We conclude that the court erred by affirming the Board of Revision's decision because there was no evidence of any kind to support that decision. At no point in the appeals process of this case, before both the common pleas court and this court, has the auditor appeared to defend the valuation. On this basis alone we can reverse the court's judgment because App.R. 16(C) permits us to accept Papadimoulis's statement of the facts and issues as correct and reverse the judgment if his brief "reasonably appears to sustain such action." Papadimoulis's brief cites to evidence that he submitted to the Court of Common Pleas showing that he purchased the property in an arm's length transaction. R.C. 5717.03 states that under such circumstances, the auditor "shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes."

{¶3} The county auditor did not appear before the Court of Common Pleas, so there was no evidence of any kind to support the board's decision. The court recognized

this, but cited *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960), for the proposition that the auditor and the board are not "required to present any evidence."

{¶4} In *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, the Ohio Supreme Court acknowledged that the "rules" that apply in valuation cases are: (1) the party challenging the board of revision's decision at the board of tax appeals has the burden of proof to establish its proposed value as the value of the property, and (2) the board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the board of tax appeals is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the board of tax appeals. *Id.* at ¶ 23. Those rules were, however, subject to a narrow exception when "the developed record before the [board of tax appeals] affirmatively negated the validity of the county's valuation of the property." *Id.* at ¶ 24, citing *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 15.

{¶5} Papadimoulis offered significant evidence to show that he purchased the property in a voluntary arm's length transaction in a recent sale. This evidence contradicted the board's determination. With the absence of any evidence offered in rebuttal by the auditor, the court had no basis for affirming the board.

{¶6} The first assignment of error is sustained. The second assignment of error, relating to the board's failure to give notice of the valuation hearing, is moot. App.R. 12(A)(1)(c). This cause is remanded to the court with instructions to enter judgment valuing the subject property in the amount of $52,781.74 as prayed for in the notice of appeal from the decision of the Board of Revision.

{¶7} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR