[Cite as *Kahoe v. Cuyahoga Cty. Bd. of Revision*, 2013-Ohio-2097.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 99188

---

## E. MICHAEL KAHOE

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY
## BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-781461

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEY FOR APPELLANT**

Thomas S. Amato
3296 Columbia Road
Richfield, OH   44286


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Board of Revision, et al.**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Reno J. Oradini, Jr.
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

**For Maple Heights City School District Board of Education**

Christian M. Williams
Pepple & Waggoner, Ltd.
Crown Centre Building
5005 Rockside Road, Suite 260
Cleveland, OH   44131

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant E. Michael Kahoe appeals the judgment of the Cuyahoga County Court of Common Pleas that affirmed a Cuyahoga County Board of Revision decision that determined tax values for three parcels of real property owned by Kahoe. For the reasons stated herein, we affirm.

{¶2} Kahoe is the owner of the three parcels of real property at issue. The properties are referred to herein as the Benhoff property, the Kennerdon property, and the Summit property. The properties had been the subject of foreclosure proceedings and were purchased by banks at sheriff's sales. The banks then listed the properties for sale on the open market. The properties were purchased in 2008 and 2009 by MKJES L.L.C., Kahoe's predecessor in interest. MKJES L.L.C. quit-claimed the properties to Kahoe. Kahoe made repairs to the properties to obtain certificates of occupancy and then leased them as rental properties.

{¶3} Kahoe filed a complaint against the valuation of the properties for the tax year 2010 with the Cuyahoga County Board of Revision ("BOR"). He sought a decrease in the tax value, as amended at the hearing to the following figures: $56,250 for the Benhoff property, $60,000 for the Kennerdon property, and $50,000 for the Summit property, for a total combined value of $166,250. The Maple Heights Board of

Education filed a counter-complaint requesting that the BOR affirm the county auditor's valuation of the properties, which was a combined value of $233,700.

{¶4} Kahoe was unable to attend the BOR hearing because he was on a pre-paid business trip and the BOR denied his request for a continuance. Kahoe was represented by his attorney at the BOR hearing.

{¶5} The Benhoff property was purchased for $25,014 in October 2008, after being listed for six months. While an appraisal report reflecting a value of $18,000 was submitted by Kahoe, it was for tax year 2009 and had an effective date of January 1, 2009, as opposed to 2010. The appraisal report also indicated the home was a two-bedroom home, though it was listed on the open market as a three-bedroom home and the appraiser did not appear at the hearing. Also, while Kahoe's attorney argued the 2008 sale of the property was an arm's-length transaction, there was a mortgage note for $45,000 on the property and Kahoe claimed a property value of $56,250. The property had rental income of $898 per month. The board of education argued that the evidence submitted by Kahoe did not suggest an arm's-length transaction. In its decision, the BOR recognized Kahoe's opinion of value of $56,250, but also recognized the BOR's independent research of five comparable properties placed the fair market value at $58,600.

{¶6} The Kennerdon property was purchased for $20,500 in August 2009, after being listed for eight days. Kahoe's attorney indicated that this property was a distressed sale. Kahoe submitted evidence of an appraised value of $21,000, with an effective date

of January 1, 2009. While Kahoe's attorney suggested there was a discrepancy with the date, the appraiser was not available to discuss or authenticate the document. The property had rental income of $1,000 per month. The board of education noted inaccuracies with regard to the appraiser's description of the property and claimed that the comparables used were not indicative of a value for the January 1, 2010 tax lien date. It also argued that the property was only on the market for eight days, which was not indicative of an arm's-length transaction. Kahoe's attorney indicated that a comparable property that sold for $62,000 was closer to the actual value of the Kennerdon property and agreed to amend the complaint to $60,000. In its decision, the BOR recognized Kahoe's opinion of value of $60,000, and also found the BOR's independent research supported this value.

{¶7} The Summit property was purchased for $13,000 in October 2009, after being listed for 77 days. The property had rental income of $608 per month. Kahoe's attorney represented an appropriate value was $50,000 for the property and amended the complaint value to said amount. In its decision, the BOR recognized Kahoe's opinion of value of $50,000, but found the BOR's independent research of 12 comparable properties placed the value at $56,700.

{¶8} Thus, the BOR determined the respective fair market values to be $58,600, $60,000, and $56,700, for a combined value of $175,300, which was only $9,050 more than the combined amended amount Kahoe requested and was substantially less than the county auditor's valuation that the board of education sought to affirm.

{¶9} Kahoe appealed the decision in the Cuyahoga County Court of Common Pleas. Kahoe argued that the BOR's decision was unlawful because it failed to consider Kahoe's purchase price of the properties as the proper valuation in arm's-length transactions. The trial court found the appeal was not well taken and adopted the decision of the BOR.

{¶10} Kahoe filed this appeal, raising one assignment of error that provides as follows:

> The Board of Revision erred by not considering the purchase price that appellant paid for the parcel[s] in question as the true value of the property.

{¶11} Initially, Kahoe asserts that the trial court failed to conduct an appropriate review in this matter. R.C. 5717.05 provides that "an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation." The statute further instructs as follows:

> The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of * * *.

R.C. 5717.05.

{¶12} The record in this case reflects that the common pleas court heard the appeal on the record and evidence submitted, as well as the briefs submitted for consideration by the parties. The trial court determined that the appeal was not well taken and adopted the determination of the BOR as to the taxable value for the property. There is nothing that

indicates that the trial court did not properly consider the record and evidence before it and independently determine the taxable value of the property. Therefore, we will presume the validity of the judgment as long as there is evidence in the record to support it. Further, we will not disturb the judgment of the trial court absent an abuse of discretion. *See Mansbery v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. No. 98156, 2013-Ohio-932, ¶ 7.

{¶13} The true value of property for tax purposes is a question of fact that is primarily within the province of the taxing authorities to determine and will not be disturbed unless it affirmatively appears from the record that such decision is unreasonable or unlawful. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 27. Thus, there is a presumption of validity accorded to a determination of value by the BOR and a taxpayer challenging the decision of the BOR has the duty to prove his right to a reduction in value. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 68 Ohio St.3d 336, 337, 626 N.E.2d 933 (1994).

{¶14} Kahoe asserts that the BOR failed to consider the purchase price that he paid for the parcels as the true value of the property since the sales involved arm's-length transactions. R.C. 5713.03 sets forth a general rule that when a "tract, lot, or parcel has been the subject of an arm's-length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price * * * to be the true value for taxation purposes." The Ohio

Supreme Court has defined an "arm's length sale" as being characterized by these elements: "it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989).

{¶15} Under some circumstances where a bank acquires a distressed property, the bank's subsequent sale of the property may be considered an arm's-length transaction. *See Cattell v. Lake Cty. Bd. of Revision*, 11th Dist. No. 2009-L-161, 2010-Ohio-4426 (arm's-length transaction found where properties were listed on the open market); *Columbus City School Dist. Bd. of Edn.*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285 (arm's-length transaction found where there was evidence that the bank acted like a typically motivated seller). This is not to say that in every instance where there is a subsequent sale of a foreclosed property by a bank, it will amount to a recent arm's-length transaction.

{¶16} In this case, the record reflects that the properties were purchased in 2008 and 2009; however, the tax lien date was January 1, 2010. While Kahoe submitted appraisal reports, they had an effective date of January 1, 2009, contained discrepancies, and the appraiser did not appear at the hearing. Significantly, the "true value" claimed by Kahoe exceeded the purchase price of the properties. Thus, Kahoe essentially conceded that the purchase value of each property was not reflective of the true value. Under these circumstances, the BOR did not err in failing to consider the purchases as recent arm's-length transactions.

{¶17} While Kahoe's attorney asserted at the hearing that the Benhoff property, which was purchased in 2008, was an arm's-length transaction, there was a mortgage note for $45,000 on the property and Kahoe's own opinion of value for the property was $56,250. The BOR valued the property at $58,600, which was supported by its own independent research of five comparable properties. Kahoe's attorney conceded that the Kennerdon property, which was purchased after being listed for only eight days, was a distressed sale. Further, the BOR's independent research supported Kahoe's opinion of value of $60,000, and the BOR valued the Kennerdon property at this amount. On the Summit property, the BOR recognized Kahoe's opinion of value of $50,000, but found the BOR's independent research of 12 comparable properties placed the value at $56,700. It does not affirmatively appear that the BOR's decision is unreasonable or unlawful.

{¶18} This case is distinguishable from *Papadimoulis v. Cuyahoga Cty. Auditor*, 8th Dist. No. 97023, 2012-Ohio-925, where there was significant evidence of a recent arm's-length transaction, the county auditor did not appear to rebut this evidence, and there was "no evidence of any kind" to support the BOR's decision. In this case, the valuation of the properties is supported by the record, and we find no abuse of discretion by the trial court. Accordingly, we overrule appellant's sole assignment of error.

{¶19} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR