[Cite as *Cleveland Muni. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Rev.*, 2024-Ohio-1887.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CLEVELAND MUNICIPAL SCHOOL
DISTRICT BOARD OF EDUCATION,　　:

　　　　Plaintiff-Appellant,　　　:

　　　　　　　　　　　　　　　　　　No. 113334

　　　　v.　　　　　　　　　　　:

CUYAHOGA COUNTY BOARD OF
REVISION, ET AL.,　　　　　　　:

　　　　Defendant-Appellee.　　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2024

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-983161

---

### *Appearances:*

Brindza McIntyre & Seed LLP, David H. Seed, Robert A. Brindza, Daniel McIntyre, and David A. Rose, *for appellant*.

Bauernschmidt Law Firm, Karen H. Bauernschmidt, and Kelly W. Bauernschmidt, *for appellee* Murray Hill Partners, LLC.

Sleggs, Danzinger & Gill Co., LPA, Steven R. Gill, and Elizabeth Grooms Taylor, *for appellee* 2187 Murray Hill Road, LLC.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Cleveland Municipal School District Board of Education, a.k.a. Cleveland Metropolitan School District Board of Education ("Board"), challenges the judgment of the trial court dismissing its administrative appeal for lack of subject-matter jurisdiction. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arises from an administrative appeal filed by the Board of a determination of the Board of Revision ("BOR") regarding the value of property owned by appellee Murray Hill Partners LLC ("Murray Hill").[1] The notice of appeal specifically stated that it was filed under R.C. 2506.01.

{¶ 3} Murray Hill moved to dismiss the administrative appeal, arguing that the trial court lacked jurisdiction to consider a BOR appeal except under R.C. 5717.05, which does not permit a school board to appeal a BOR decision.

{¶ 4} The Board did not file a brief in opposition, but did file a motion to stay the proceedings, arguing that it filed concurrent appeals with both the common pleas court and the Board of Tax Appeals ("BTA"). The Board asserted that the proceedings should be stayed until the BTA determined its jurisdiction to hear the appeal under R.C. 5717.01.

---

[1] The underlying substantive facts of the administrative appeal are not relevant to the issues at hand.

{¶ 5} The trial court denied the motion to stay and granted the motion to dismiss, finding that R.C. 5717.05 (as amended on July 21, 2022) revoked the Board's right to appeal a decision of the BOR. The trial court apparently noted that the appeal was purportedly filed under R.C. 2506.01 but found that "[t]he specific language prohibiting an appeal governs over the general language of R.C. 2506, et seq., which governs administrative appeals generally."

{¶ 6} The Board then filed the instant appeal, raising two assignments of error for our review:

> The trial court erred when it dismissed the appeal filed under R.C. 2506.01 despite the clear authority in Ohio law for the appeal.

> The trial court erred in finding that an appeal was unavailable under R.C. 2506.01 as an appeal is available absent a specific prohibition in R.C. 2506.01 or another statute which prohibits the use of this section (and which is a subject of pending legislation in the General Assembly).

## II. Law and Analysis

{¶ 7} Both of the Board's assignments of error are interrelated and will be addressed together. In this matter, we are tasked with determining whether R.C. 2506.01 provides the Board with standing to appeal a decision of the BOR or if a BOR appeal may only be brought pursuant to R.C. 5717.01, et seq. Whether standing is conferred is a matter of law, which we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

{¶ 8} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d

894 (2001), citing *Roper v. Richfield Twp. Bd. of Zoning Appeals*, 173 Ohio St. 168, 173, 180 N.E.2d 591 (1962).

{¶ 9} The Board filed its administrative appeal under R.C. 2506.01. This statute provides that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * * ." R.C. 2506.01(A).

{¶ 10} Subsection (C) of this statute defines "final order, adjudication, or decision" to mean "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person." The subsection then specifically precludes "any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided * * * ."

{¶ 11} R.C. 5717.01 provides for an appeal directly from decisions made by county boards of revision to the BTA:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code. Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor, except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the

decision of the board of revision with respect to that original complaint or counter-complaint.

{¶ 12} This statute was amended to reflect the above language on July 21, 2022. Prior to this amendment, the statute did not contain the restriction that a subdivision must own or lease the property in question before it can appeal a decision of the BOR. Under the prior version of the statute, a school board could appeal the decision of a BOR directly to the BTA. The amendment has removed this option.

{¶ 13} BOR decisions may also be appealed to the court of common pleas under R.C. 5717.05:

As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation.

{¶ 14} Because this appeal arises from a matter before the common pleas court, we are only concerned with the language of R.C. 5717.05. As outlined above, this statute only permits the owner of the property to file an appeal of a BOR decision to the court of common pleas. This statute was not amended — nothing in R.C. 5717.05 ever permitted a school board to appeal a BOR decision to a court of common pleas; a school board's only avenue of redress was via the BTA.

{¶ 15} Because the Board seemingly no longer is permitted to appeal the decision of the BOR under R.C. 5717.01, the Board attempted to utilize R.C. 2506.01 in order to file an appeal to the court of common pleas. However, the Supreme Court

of Ohio has read the requirements of R.C. 5717.05 as jurisdictional. In *Huber Hts. Circuit Courts, Ltd. v. Carne*, 74 Ohio St.3d 306, 307, 658 N.E.2d 744 (1996), the Supreme Court of Ohio affirmed the dismissal of appeals to the common pleas court, noting that "R.C. 5717.05 sets forth *who may appeal*, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. We read this statute as mandatory and jurisdictional." (Emphasis added.) *Id.* at 308.

{¶ 16} While *Huber Hts.* did not address the issue at hand in the instant case, its language is instructive. In its July 2022 amendment, the legislature removed a school board's ability to appeal the decision of a BOR to the BTA. The legislature did not amend R.C. 5717.05 to then allow the school board to appeal to the court of common pleas. R.C. 5717.05 still only permits a property owner to appeal a decision of a BOR to the court of common pleas.

{¶ 17} The absence of a statutory right of appeal by the school board does not mean that the Board can turn to R.C. 2506.01 to confer standing. "R.C. 5717.05 governs appeals from a county board of revision at least to the extent that the provisions of the statute diverge from the provisions of R.C. Chapter 2506." *Spencer Trust v. Summit Cty. Bd. of Revision*, 9th Dist. Summit Nos. 27373, 27374, and 27375, 2015-Ohio-4010, citing *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision*, 9th Dist. Summit No. 25728, 2011-Ohio-5000, ¶ 5-8. As noted by the Ninth District in *Spencer Trust*, the provisions of R.C. 5717.05 and R.C. Chapter 2506 differ:

R.C. 5717.05 sets forth requirements for perfecting the notice of appeal and for service, provides timelines for when the record from the board of revision must be transmitted, and describes when a court of common pleas may consider additional evidence. Although the court of common pleas acts in an appellate capacity for purposes of R.C. 5717.05, the statute also requires the court to "determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of[.]"

In each of these respects, R.C. 5717.05 is distinct from the provisions of R.C. Chapter 2506 as they relate to administrative appeals generally. *See, e.g.*, R.C. 2506.02 (perfection of appeal and transmission of the record); R.C. 2506.03 (restrictions on when a trial court may consider additional evidence); R.C. 2506.04 (describing the dispositions available to a trial court acting in an appellate capacity).

*Id.* at ¶ 6-7.

{¶ 18} We cannot find that the legislature set forth specific procedures regarding appeals of BOR decisions to the court of common pleas but intended for appeals by the school board to operate under different parameters under R.C. Chapter 2506. The Board's quarrel is with the legislature and its amendment to R.C. 5717.01, eliminating the Board's statutory right to appeal a BOR decision to the BTA. The school board has never had standing to appeal a BOR decision to the court of common pleas, and we cannot find that R.C. 2506.01 confers such standing on the Board.

{¶ 19} Finally, the Board also contends that various Ohio courts have found that the amendments to R.C. 5717.01 do not apply to tax year 2021, which is the tax year implicated in this matter. However, this argument lacks merit with regard to the instant appeal because we are not concerned with appeals brought pursuant to R.C. 5717.01. That is an issue for the BTA to determine.

{¶ 20} Both of the Board's assignments of error are overruled.

### III. Conclusion

{¶ 21} The trial court did not err in dismissing the Board's administrative appeal. The Board did not have standing under R.C. 2506.01 to appeal a decision of the BOR to the common pleas court.[2]

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR

---

[2] We note that our conclusion is also consistent with the opinion rendered by another panel of this court in *Bedford City Schools Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th District Cuyahoga No. 112878, which is being released contemporaneously with this opinion.