[Cite as *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-4902.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CLEVELAND MUNICIPAL SCHOOL DISTRICT BOARD OF EDUCATION, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Nos. 113498 and 113499 |
| v. | | |
| | : | |
| CUYAHOGA COUNTY BOARD OF REVISION, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2024

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-23-979478 and CV-23-979462

***Appearances:***

Brindza McIntyre & Seed LLP, Robert A. Brindza, Daniel McIntyre, David H. Seed, and David A. Rose, *for appellant*.

Sleggs, Danzinger & Gill Co., LPA, Robert K. Danzinger, and Elizabeth Grooms Taylor, *for appellee* 170 Valley Park and Plaza, LLC.

Sleggs, Danzinger & Gill Co., LPA, Steven R. Gill, and Elizabeth Grooms Taylor, *for appellee* 1330 OTR, LLC.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew Grabenstein, Assistant Prosecuting Attorney, *for appellee* Cuyahoga County Board of Revision and Fiscal Officer.

LISA B. FORBES, P.J.:

{¶ 1}  In this consolidated action, Appellant Cleveland Municipal School District Board of Education ("School Board") challenges the judgment of the trial court dismissing two separate administrative appeals for lack of jurisdiction.  After a thorough review of the applicable law and facts, we affirm the judgments of the trial court for the reasons that follow.

## I.  Facts and Procedural History

{¶ 2}  This consolidated appeal involves two separate cases each of which addresses the identical issue: Does the court of common pleas have the authority to hear an appeal brought by the School Board challenging a Cuyahoga County Board of Revision's ("BOR") valuation assessment of real estate that is not owned by the School Board?  In Cuyahoga C.P. No. C.V.-23-979478, the School Board appealed the BOR decision regarding the value of property owned by appellee 1330 OTR, LLC ("OTR"); in Cuyahoga C.P. No. C.V.-23-979462, the School Board appealed the BOR's assessment of the value of property owned by 170 Valley Park and Plaza, LLC ("Valley Park").  The School Board named the BOR and the Cuyahoga County Fiscal Officer as defendants, along with OTR and Valley Park in their respective matters.

{¶ 3}  In its notices of appeal to the court of common pleas, the School Board specifically stated it filed both appeals pursuant to R.C. 2506.01.

{¶ 4}  Both OTR and Valley Park moved to dismiss the School Board's administrative appeals, arguing that pursuant to R.C. 5717.05 the trial court did not have jurisdiction to consider an appeal of a BOR decision brought by a school board.

The School Board filed briefs in opposition asserting that R.C. 2506.01 provides the authority for the School Board to appeal the BOR's decision.

{¶ 5} On November 20, 2023, the trial court issued identical orders in both cases, granting the motions to dismiss. Considering both R.C. 2506.01 and 5717.01 et seq., the court noted, "[s]everal courts have addressed the issue before this Court. In each instance, the reviewing Court held that R.C. 5717.01, et seq. provides the mechanism, including the persons permitted, to appeal a Board of Revision's decision. R.C. 2506.01 et seq. does not confer such rights." (Citations omitted.) Finding that authority persuasive, the trial court found that it did not have jurisdiction to hear the School Board's appeal and granted OTR and Valley Park's motions to dismiss.

{¶ 6} The School Board filed appeals to this court in both cases, which this court consolidated. In each appeal, the School Board raised identical assignments of error for our review:

**Assignment Of Error No. 1**

Trial Court erred when it dismissed the appeal filed under R.C. 2506.01 despite the clear authority in Ohio law for the appeal.

**Assignment Of Error No. 2**

Trial Court erred in finding that an appeal was unavailable under R.C. 2506.01 as an appeal under R.C. 2506.01 is available absent a specific prohibition in R.C. 2506.01 or another statute which prohibits the use of this section (and which is a subject of pending legislation in the General Assembly).

## II. Law and Analysis

{¶ 7} Because they are interrelated, we will address the School Board's assignments of error together.

{¶ 8} At issue in this appeal are R.C. 2506.01, relied on by the School Board, and R.C. 5717.05, argued by the appellees. R.C. 2506.01(A) provides: "[E]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located. . . ." R.C. 5717.05 establishes, in pertinent part, "[A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation."[1]

{¶ 9} This court has previously addressed the arguments made by the School Board here. In *Cleveland Mun. School Dist. Bd. of Edn.* at ¶ 7, this court determined "whether R.C. 2506.01 provides the School Board with standing to appeal a decision of the BOR or if a BOR appeal may only be brought pursuant to R.C. 5717.01, et seq." There, just as here, the School Board filed its administrative

---

[1] R.C. 5717.05 has not been amended since 1989. "The school board has never had standing to appeal a BOR decision to the court of common pleas, and we cannot find that R.C. 2506.01 confers such standing on the Board." *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 2024-Ohio-1887, ¶ 18 (8th Dist.). R.C. 5717.01, on the other hand, was amended effective July 21, 2022. "Among other changes, the bill removed the school board's ability to take an appeal to the board of tax appeals from a decision of a county board of revision concerning the value of property that the school board does not own or lease." *Bedford City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-1894, ¶ 11 (8th Dist.).

appeal under R.C. 2506.01. *Id.* at ¶ 9. In that case, we found that the School Board did not have standing to appeal the BOR's decision pursuant to R.C. 2506.01. *Id.* at ¶ 21. This court found that R.C. 5717.05 "only permits the owner of the property to file an appeal of a BOR decision to the court of common pleas." *Id.* at ¶ 14. This court explained, "We cannot find that the legislature set forth specific procedures regarding appeals of BOR decisions to the court of common pleas [in R.C. 5717.05] but intended for appeals by the school board to operate under different parameters under R.C. Chapter 2506." *Id.* at ¶ 18. The trial court did not err in dismissing the School Board's administrative appeal because it did not have standing under R.C. 2506.01 to appeal the decision of the BOR to the common pleas court. *Id.* at ¶ 21. *See also Bedford City Schools Bd. of Edn.* at ¶ 44 ("R.C. 5717.05 . . . [is] clear and unambiguous and expressly prohibit[s] a school board from appealing a valuation decision to the common pleas court when it does not own or lease the property at issue and that R.C. 2506.01 does not confer statutory standing to appeal such a decision either."); *Olentangy Local School Dist. Bd. of Edn. v. Deleware Cty. Bd. of Revision*, 2024-Ohio-1566 (5th Dist.).

{¶ 10} In the case at hand, the School Board does not own or lease either of the properties at issue. Based on the foregoing, we find here that the trial court properly granted both appellees' motions to dismiss, and as such, the School Board's assignments of error are overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR