[Cite as *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 2025-Ohio-250.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION

    Appellant

    v.

SUMMIT COUNTY BOARD OF
REVISION, et al.

    Appellees

C.A. No.     31034

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-10-3525

DECISION AND JOURNAL ENTRY

Dated: January 29, 2025

HENSAL, Judge.

{¶1} The Akron City School District Board of Education ("the Board of Education") appeals a judgment of the Summit County Court of Common Pleas that dismissed its appeal under Revised Code Section 2506.01. For the following reasons, this Court affirms.

I.

{¶2} In 2021, the Summit County Fiscal Officer valued a property in Akron at $1,991,340. The property owner filed a complaint with the Board of Revision, requesting a decrease in the value to $1,300,000. After the Board of Revision decreased the value to the amount requested, the Board of Education appealed its decision to the court of common pleas. The Board of Revision and county fiscal officer moved to dismiss the appeal, arguing that the Board of Education did not have the right to appeal under Section 2506.01. The common pleas court agreed and dismissed the appeal. The Board of Education has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

TRIAL COURT ERRED WHEN IT DISMISSED THE APPEAL FILED UNDER R.C. 2506.01 DESPITE THE CLEAR AUTHORITY IN OHIO LAW FOR THE APPEAL.

{¶3} The Board of Education argues that the common pleas court incorrectly determined it could not appeal a decision of the Board of Revision under Section 2506.01. In relevant part, Section 2506.01 provides that "every final order, adjudication, or decision of any . . . board . . . of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located . . . ." R.C. 2506.01(A). A decision does not qualify as a "final order, adjudication, or decision" under subsection (A), however, if there is a different statute "from which an appeal is granted . . . to a higher administrative authority . . . ." R.C. 2506.01(C). According to the Board of Education, Section 5717.01 used to provide a school board with the right to appeal the decision of a board of revision to the board of tax appeals. In 2022, however, the General Assembly amended Section 5717.01 to remove that right. Because there is no longer a different statute that allows it to appeal board of revision decisions to a higher administrative authority, the Board of Education argues that Section 2506.01(A) applies. Statutory construction issues are questions of law that this Court reviews de novo. *Willow Grove, Ltd. v. Olmsted Twp. Bd. of Zoning Appeals*, 2022-Ohio-4364, ¶ 16.

{¶4} The common pleas court examined Chapter 5717 and noted that Section 5717.01 provides certain parties with the right to appeal a decision of a board of revision to the board of tax appeals while Section 5717.05 allows the person in whose name a property is listed to appeal a decision to the court of common pleas. It also noted this Court's decision in *Spencer Trust v.*

*Summit County Board of Revision*, 2015-Ohio-4010 (9th Dist.), which explained that specific statutory provisions prevail over general provisions. *Id*. at ¶ 7. It further noted that Section 2506.01 does not specify who may file an appeal under that section. The court concluded that the Board of Education had not pointed to a statute that allowed it, a non-owner of the property, to file an administrative appeal under Section 2506.01. It, therefore, determined that it lacked jurisdiction over the appeal.

{¶5} Other districts that have addressed whether a school district may appeal the decision of a board of revision as to property that is not owned by the school board have begun by examining whether the school district has standing under Section 2506.01. *See e.g. Cleveland Mun. Sch. Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-4902, ¶ 9 (8th Dist.); *Olentangy Local Sch. Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1566, ¶ 21-34 (5th Dist.). Before addressing that issue, however, we believe the initial question is whether anyone may seek review of the decision of a board of revision under Section 2506.01. Under Section 2506.01(A), only a "final order, adjudication, or decision" "may be reviewed" by a court of common pleas. Section 2506.01(C), meanwhile, provides that an order, adjudication, or decision does not qualify as a "final order, adjudication or decision" under subsection (A), if there is a "rule, ordinance, or statute" "from which an appeal is granted . . . to a higher administrative authority" and "if a right to a hearing on such appeal is provided . . . ."

{¶6} Section 5717.01 allows certain entities to appeal a decision of a board of revision to the board of tax appeals and "routinely provides for a hearing on appeal . . . ." *Olentangy Local Sch. Dist. Bd. of Ed. v. Delaware Cty. Bd. of Rev.*, 2024-Ohio-2442, ¶ 20 (5th Dist.); R.C. 5717.01 ("The board of tax appeals may order the appeal to be heard on the record . . . or it may order the hearing of additional evidence . . . ."). Thus, because there is a statute that grants an appeal of a

board of revision decision to a higher administrative authority and provides for a hearing of such appeals, we conclude that the decision of a board of revision cannot qualify as a "final order, adjudication, or decision" under Section 2506.01(A). R.C. 2506.01(C). The common pleas court, therefore, correctly determined that it did not have jurisdiction over the Board of Education's attempted appeal.

{¶7} Section 5717.01 does not grant the Board of Education the right to appeal the decision of a board of revision, but that fact is immaterial. Whether a decision of a board of revision constitutes a "final order, adjudication, or decision" under Section 2506.01 does not vary depending on the party filing an appeal. Section 5717.01 grants "[a]n appeal from a decision of a county board of revision" to a higher administrative authority, the board of tax appeals. R.C. 5717.01. Accordingly, the decision of a county board of revision does not qualify as a final order, adjudication, or decision under Section 2506.01. The issue of whether the Board of Education would have standing to appeal under Section 2506.01 is moot. We also note that the Board of Education has not developed a due process argument. Upon review of Section 2506.01 and 5717.01, we conclude that the Board of Education did not have the right to appeal under Section 2506.01 and that the common pleas court correctly dismissed its attempted appeal. The Board of Education's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

TRIAL COURT ERRED IN FINDING THAT AN APPEAL WAS UNAVAILABLE UNDER R.C. 2506.01 AS AN APPEAL UNDER R.C. 2506.01 IS AVAILABLE ABSENT A SPECIFIC PROVISION IN R.C. 2506.01 OR ANOTHER STATUTE WHICH PROHIBITS THE USE OF THIS SECTION (AND WHICH IS A SUBJECT OF PENDING LEGISLATION IN THE GENERAL ASSEMBLY).

{¶8} In its second assignment of error, the Board of Education argues that Section 2506.01 provides a right to appeal unless another section clearly prohibits its use. The Board of

Education also argues that there is pending legislation that would specifically prohibit the right to appeal a board of revision decision under Section 2506.01. According to the Board of Education, the pending legislation would not have been introduced if such a right did not currently exist.

{¶9} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001). Section 2506.01 only permits appeals from a "final order, adjudication or decision[.]" R.C. 2506.01(A). It also defines what those terms mean. R.C. 2506.01(C). As previously explained, because Section 5717.01 permits "[a]n appeal from a decision of a county board of revision . . . to the board of tax appeals[,]" a board of revision's decision does not meet the criteria of a "final order, adjudication, or decision . . . ." R.C 5717.01; R.C. 2506.01(C). The Board of Education's argument about pending legislation is not persuasive. Its second assignment of error is overruled.

## III.

{¶10} The Board of Education's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶11} I concur in the judgment as I would adopt the rationale set forth by the Fifth District in deciding *Olentangy Local Sch. Bd. of Edu. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1563 (5th Dist.).

APPEARANCES:

DAVID H. SEED, Attorney at Law, for Appellant.

CECILIA HYUM, Attorney at Law, for Appellee.

ELLIOT KOLKOVICH, Prosecuting Attorney, and MARRETT HANNA, Assistant Prosecuting Attorney, for Appellees.

DAVE YOST, Attorney General, and CHRISTINE MESIROW, Assistant Attorney General, for Appellee.